UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MC2 SABTECH HOLDINGS, INC., d/b/a "IXI TECHNOLOGY, INC.," <br><br> Plaintiff/Relator, <br><br> v. <br><br> GET ENGINEERING CORP. et al., <br><br> Defendants. | Case No.: 19-cv-1249-RSH-MSB <br><br> **ORDER GRANTING MOTION TO FILE UNDER SEAL** <br><br> [ECF No. 263] |

Relator filed a motion to seal various documents. ECF No. 263. Following an Order by this Court directing further submissions [ECF No. 266] the Parties met and conferred, and jointly agreed upon certain redactions to be made to previously filed docket entries. ECF No. 267.

The Court has reviewed those redactions and concludes that there is good cause to seal the material identified for redaction, and grants the motion as set forth below.

I.  **DISCUSSION**

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435

U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

To overcome this presumption of access, a party must show either "good cause" or "compelling reasons" to seal a record, depending on the motion to which the record relates. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-1097 (9th Cir. 2016). The Ninth Circuit has made it "clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'" *Id.* at 1101 ("[O]ur circuit looks past the literal dispositive/nondispositive label."). "Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* at 1100. If the motion is "more than tangentially related to the merits of a case," the movant must show "compelling reasons" for overcoming the presumption in favor of public access. *Id.* at 1096-99. Otherwise, a party need only show good cause. *Id.*; *see, e.g.*, *Baker v. SeaWorld Ent., Inc.*, No. 14-cv-2129-MMA-AGS, 2017 WL 5029612, at *2 (S.D. Cal. Nov. 3, 2017). "[T]he 'compelling reasons standard applies to most judicial records.'" *Ctr. for Auto Safety*, 809 F.3d at 1098 (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010)). Here, the motions at issue relate to a post-trial request for fees, as well as a post-trial request for sanctions in connection with the request for fees. The Court concludes that the "good cause" standard applies here.

One established basis for sealing records is where court filings "'might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). Reviewing the specific redactions agreed upon by the Parties, as well as the redactions that Relator has already made to its motion for

sanctions,[1] the Court concludes that this standard supports permitting such redactions and sealing the unredacted versions of the respective documents. This ruling does not purport to adjudicate any aspect of Relator's pending motion for sanctions.

## II.   CONCLUSION

For the foregoing reasons, Relator's motion to seal [ECF No. 263], is **GRANTED**.

1. The unredacted version of Relator's motion for sanctions [now lodged at ECF No. 264] is accepted for filing under seal. The redacted version remains in the public record at ECF No. 265.

2. The Clerk shall also seal the following documents, currently in the public record: ECF Nos. 253, 258, 258-2, 259, and 262-1.

3. The Parties are ordered to publicly file, within ***seven (7) days of this Order***, versions of the aforementioned filings with such redactions as the Parties have agreed to as indicated in ECF No. 267.

**IT IS SO ORDERED.**

Dated: March 17, 2025

*Robert S. Huie*
_____
Hon. Robert S. Huie
United States District Judge

---

[1] Defendants have requested that the entirety of this document be sealed [ECF No. 268], but the Court does not see good cause for doing so.