UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* MC2 SABTECH HOLDINGS, INC., d/b/a "IXI TECHNOLOGY, INC.," <br><br> Plaintiff/Relator, <br><br> v. <br><br> GET ENGINEERING CORP. et al., <br><br> Defendants. | Case No.: 19-cv-1249-RSH-MSB <br><br> **ORDER DENYING RELATOR'S MOTION FOR SANCTIONS** <br><br> [ECF No. 265] |

On March 7, 2025, Relator filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. ECF No. 265.[1] Relator's motion fails to comply with the local rules of this Court governing written motions. *See* CivLR 7.1(f)(1) ("Each motion or other request for ruling by the Court must include within it a Memorandum of Points and Authorities in support of the motion and a caption listing the nature of the motion, hearing date and time,

---

[1] The motion as filed on the Court's docket at ECF No. 265 contains redactions. An unredacted version has been filed under seal. *See* ECF Nos. 269 (order granting request to seal), 270 (sealed document).

1

19-cv-1249-RSH-MSB

and the judge who will hear the motion."). Because the motion did not provide notice of a hearing date, which would have established due dates for opposition and reply briefs, the Court issued an order directing a briefing schedule. ECF No. 266. Relator's motion has now been fully briefed. ECF Nos. 272 (opposition), 274 (reply).[2] For the reasons set forth below, the motion is denied.

Rule 11(c)(2) provides a unique procedure for service of a sanctions motion in advance of filing: "The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." "Fee sanctions compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it." *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 873 (9th Cir. 2014). Courts enforce the safe harbor provision "strictly." *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005). Where the moving party fails to comply with the safe harbor provisions, a court may not award sanctions under Rule 11 "even when the underlying filing is frivolous." *Id.*

Relator's motion for sanctions is based on certain assertions that Defendants made in a motion for fees approximately three months previously; the Court refers to the assertions at issue as the "offending statements." By agreement of the Parties and order of the Court, the offending statements have since been removed from the public record. *See* ECF No. 269. The relevant chronology is as follows.

Defendants filed their motion for fees containing the offending statements on December 12, 2024.[3] ECF No. 253. Over seven weeks later, on January 31, 2025—and over two weeks after Defendants' motion had been fully briefed—Relator served

---

[2] An unredacted version of the reply brief has been filed under seal. ECF No. 275.
[3] On January 16, 2025, Defendants filed a reply brief in support of that motion, ECF No. 259, containing similarly offending assertions.

Defendants a copy of their present motion, starting the 21-day safe harbor period. *See* ECF No. 265-4, Decl. of Todd Canni, ¶ 12. Four days after service, on February 4, 2025, the Court denied Defendants' motion for fees. ECF No. 261. Three days later, on February 7, 2025, Defendants filed a notice indicating that the Parties had met and conferred about redactions to Defendants' past filings, and that Defendants agreed to Defendants' proposed retroactive redactions; and stating, "[h]ere, the only viable option to appropriately correct the offending portions of the filings is through a redacted amendment to what was previously filed." ECF No. 262 at 4. Neither Party filed anything further until approximately four weeks later when Relator filed a motion to seal as well as its current Rule 11 motion. ECF Nos. 263, 265. The Court thereafter granted the motion to seal. ECF No. 269.[4]

The Ninth Circuit has stated that "[m]otions for Rule 11 attorney's fees cannot be served after the district court has decided the merits of the underlying dispute giving rise to the questionable filing." *Islamic Shura Council*, 757 F.3d at 873. The Court explained:

> This is because once the court has decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial economy. *See* Advisory Committee's Notes to the 1993 Amendments to Rule 11 (noting that a party may not serve a motion for Rule 11 sanctions after "judicial rejection of the offending contention"); 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1337.2 (3d ed.) (noting that one purpose of Rule 11 is to "encourag[e] the withdrawal of papers that violate the rule without involving the district court, thereby avoiding sanction proceedings whenever possible and streamlining the litigation process").

*Id.* Here, the Court decided the underlying dispute giving rise to the questionable filings four calendar days and only two business days after Relator (unbeknownst to the Court)

---

[4] The Court has also recently granted a similar motion to seal Relator's reply brief in support of its Rule 11 motion.

had served its Rule 11 motion.[5] Relator contends that the safe harbor provision therefore has no application here.

The treatise cited by the Ninth Circuit in *Islamic Shura Council* also states:

> Even if a motion for Rule 11 sanctions is served before the disposition of the claim, the motion will be rejected if the court disposes of the offending contention before twenty-one days have passed since the time the papers invoking the sanction provision were served, because the party has not been afforded the full twenty-one days to withdraw the challenged document.

5A Wright & Miller, Federal Practice and Procedure § 1337.2 (4th ed.). Under this rule, Relator's motion would be subject to denial here.

Other circuits are in agreement. *See In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) ("We agree with the Second, Fourth, and Sixth Circuits that the service and filing of a motion for sanctions must occur prior to final judgment or judicial rejection of the offending motion. Any argument to the contrary renders the safe harbor provision a mere formality. The provision cannot have any effect if the court has already denied the motion; it is too late for the offending party to withdraw the challenged contention.") (internal quotation marks and citation omitted). Numerous district courts within this Circuit have reached the same conclusion. *See Ramachandran v. City of Los Altos*, No. 18-cv-01223-VKD, 2025 WL 28554, at *3 (N.D. Cal. Jan. 3, 2025) (denying the defendants' Rule 11 motion where, "as a practical matter, the Court's earlier order eliminated [the plaintiff's] opportunity to withdraw or correct the challenged motion before the end of the 21-day safe harbor period"); *Caruso v. Solorio*, No. 15-cv-0780-AWI-EPG, 2022 WL 1639951, at *6 (E.D. Cal. May 24, 2022), *report and recommendation adopted*, No. 15-cv-00780-AWI-EPG (PC), 2022 WL 2672300 (E.D. Cal. July 11, 2022) ("The Court's denial of Plaintiff's motion for reconsideration effectively cut-off the safe harbor period because Plaintiff's

---

[5] Relator has not specified the manner in which it served that motion.

counsel could not 'withdraw or appropriately correct' the motion once it was denied.'"); *Hamilton v. Yavapai Cmty. Coll. Dist.*, No. 12-cv-08193-PCT-GMS, 2018 WL 6696906, at *2 (D. Ariz. Dec. 20, 2018) ("[T]he Court finds that Rule 11 does not allow for sanctions in this context, where a court has resolved the underlying motion before a party has had the benefit of the full 21-day safe harbor.").

The Court follows these authorities and concludes that Relator's motion is barred by Rule 11's safe harbor provision. Alternatively, the Court denies the Rule 11 motion as untimely in the exercise of the Court's discretion. Relator served its Rule 11 motion over seven weeks after Defendants had filed their motion for fees. At that point, the Court's ruling on the underlying fee motion could have come at any time, and in fact, it was issued just two business days later. The Court also considers that the Defendants' underlying motion was swiftly denied, that the denial occurred at the beginning of the 21-day safe harbor period, and that the offending statements have since been removed from the public record with the agreement of the Parties.

For the foregoing reasons, Relator's Rule 11 motion [ECF No. 265] is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 8, 2025

_____
Hon. Robert S. Huie
United States District Judge